Judgment for defendant. Plaintiff appealed.
The facts appear in the opinion of the Court.
This was a civil action, originally commenced before a justice of the peace for the county of Gates, to recover a penalty of $50, for refusing to receive freight, under section 1964 of The Code, and *Page 143 
carried by appeal to the Superior Court of said county and tried before Avery, J., at Spring Term, 1887, of said court.
The evidence was, in substance, that during the latter part of November, 1886, the plaintiff carried two mattresses and put them on the platform of a building standing at a place on the line of defendant company's road called "Meara Station," about one mile from Sunsbury, a regular station, and gave the usual signal to an approaching train to stop. It did not stop, "but the engineer shook his head and went on." After the train had passed, at the request of the plaintiff, (159) Captain Meara, who lived one-fourth of a mile distant, and who was not an agent of defendant company, procured some tools and a lock which he put on one door to the building, and nailed up the other (there were two doors to the building; one of them was off the hinges and to the other there was no lock) and then "put away" the plaintiff's mattresses for him.
On the next morning the train stopped, and they were shipped to Suffolk.
Freight had been "taken off and on," and "it was not uncommon to see the train stop at the point during trucking season." There was never any station agent there; no tickets were kept or sold there; no agent's office, and no books were kept there or bills of lading or receipts given. The conductor stopped the train and took on freight and passengers. The plaintiff testified that he had heard the conductor say, about ten days before he brought the mattresses to ship, that he did not intend to stop at Meara again.
Captain Meara testified that he had known freight to be shipped from there twenty times since the house was built there two years previously, and had known freight to be delivered on three or four occasions, and he had never known the refusal to stop the train before when the usual signal was given.
The issue was, "Did the defendant company refuse to receive freight when tendered by the plaintiff at a regular station on its line of road, to be forwarded as directed by the plaintiff?"
The court instructed the jury that, upon the testimony, there was no view in which the plaintiff could recover; that there was no view of the testimony in which the jury could find, in reference to the issue submitted, that Meara was a regular station on the defendant company's road. There was a verdict and judgment for the defendant, from which the plaintiff appealed. (160)
Section 1964 of The Code, under which this action was brought, declares that "Agents and other officers of railroads and transportation companies, whose duty it is to receive freight, shall receive all articles of the nature and kind received by such company for transportation *Page 144 
whenever tendered at a regular depot, station, wharf or boat landing, and shall forward the same by the route selected by the person tendering the freight, under existing laws; and the transportation company, represented by any person, refusing to receive such freight, shall be liable to a penalty of fifty dollars, and each article refused shall constitute a separate offense."
Section 1963 prescribes the rules for transportation, and requires railroad companies, among other things, to provide for the transportation of such "property as shall, within a reasonable time previous thereto, be offered for transportation," etc.
Section 1967 makes it unlawful to permit articles received for shipment to remain unshipped for more than five days, etc.
We can see no error in the ruling of his Honor. Meara was no "regular depot or station," within the meaning of the statute. There was no agent of the company there charged with the duty of receiving property for transportation, and the engineer or conductor on the train could not be, as disclosed by the evidence, such receiving and forwarding agents as are contemplated by section 1964.
There are several other questions presented by the record which we need not consider as the evidence, all of which was offered by the plaintiff, fails to present any state of facts that would entitle him to recover. There is
No error. Affirmed.
Cited: Land v. R. R., 104 N.C. 56.
(161)